# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNIQUE FULLMORE,**

        Plaintiff,

        v.

**DISTRICT OF COLUMBIA,**

        Defendant.

Civil Action No. 1:13-cv-00409 (CRC)

## MEMORANDUM OPINION

Alleging that District of Columbia Public Schools ("DCPS") denied her minor child D.F. a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (2000) ("IDEA"), Plaintiff Unique Fullmore initiated this action for injunctive and declaratory relief against the District of Columbia. Following this Court's referral of the case to Magistrate Judge Deborah A. Robinson, the parties cross-moved for summary judgment. Magistrate Judge Robinson concluded that the case was moot and recommended denying Fullmore's motion for summary judgment and granting DCPS's cross motion. Rejecting in part the magistrate judge's recommendation, this Court concludes that the case is not moot but finds insufficient basis in the record to decide whether D.F. is entitled to compensatory education. The Court accordingly denies both parties' motions for summary judgment.

**I.    Background**

At the time of the events at issue in this case, D.F. was a 12-year-old special education student enrolled at Ron Brown Middle School. Compl. ¶¶ 7, 9. On August 7, 2012, Fullmore, D.F.'s mother, requested that D.F. receive a comprehensive special education reevaluation, including a psychiatric evaluation. Id. ¶ 11. The parties held an Individualized Educational

Program ("IEP") meeting, after which DCPS arranged for D.F.'s functional behavior assessment and psychological examination. AR at 62–63. Following this evaluation, DCPS indicated that D.F.'s disability classification would remain "emotionally disabled" and that he would continue at Ron Brown. Id. at 82. Fullmore informed DCPS on October 10, 2012 that she disagreed with DCPS's psychological evaluation and requested an independent psychiatric evaluation. Id. at 83. Two days later, Fullmore filed an administrative complaint alleging that DCPS failed to comprehensively and appropriately reevaluate D.F. in all areas of suspected disability, thereby denying D.F. a FAPE. Id. at 84. As relief, Fullmore requested that DCPS fund an independent psychiatric evaluation, convene an IEP meeting within ten days of receiving the evaluation to review and revise D.F.'s IEP, and discuss at that meeting appropriate compensatory education for D.F. Id. at 87. On October 15 and 23, 2012, DCPS sent letters to Fullmore authorizing her to receive independent psychological and psychiatric evaluations. Id. at 91, 118. Two months later, Fullmore obtained an independent psychiatric evaluation of D.F. Id. at 214.

At the December 20, 2012 administrative hearing, the hearing officer dismissed Fullmore's complaint. Id. at 257. Noting that Fullmore's claims only "addressed an alleged failure of DCPS to conduct or authorize a psychiatric evaluation for [D.F.,]" for which the "appropriate remedy would have been . . . to order a psychiatric evaluation be completed," and that DCPS had already provided such relief prior to the hearing, the hearing officer concluded that "the instant matter present[ed] no controversy for me to review." Id. at 16. The officer further observed that Fullmore had failed to satisfy "the minimal pleading standards of setting forth a description of the problem and a proposed resolution in relation to a claim for compensatory education." Id. at 7–8. The hearing officer clarified that the dismissal "does not apply to claims of denial of . . . compensatory education resulting from the delay in the

2

completion of the psychiatric evaluation should Petitioner choose to raise such claims in the future." Id. at 15.

Fullmore commenced this action in March 2013. Her complaint alleges that DCPS violated the IDEA by failing to comprehensively and appropriately reevaluate D.F. in order to ascertain all areas of suspected disability. Compl. 24–50. The complaint seeks the following forms of relief: (1) a declaration that DCPS "violated the IDEA and denied D.F. a free appropriate public education"; (2) an injunction "ordering DCPS to convene an IEP team meeting within 10 days to discuss and determine appropriate compensatory education, and to devise a compensatory education plan to compensate D.F. for DCPS' failures"; and (3) "in the alternative, [an injunction] ordering DCPS to fund an independent evaluation at market rate to determine appropriate compensatory education, and then allow . . . Fullmore to come before the Court or an administrative Hearing Officer to present facts and evidence sufficient for the tribunal to fashion an appropriate compensatory award." Id. ¶ 1.

The Court referred this case to Magistrate Judge Robinson for full case management excluding trial. After the parties cross-moved for summary judgment, Magistrate Judge Robinson issued a Report and Recommendation concluding that "[b]ecause the relief sought by Plaintiff in her administrative complaint was confined to a request that a psychiatric evaluation of D.F. be authorized," "DCPS's authorization of a psychiatric evaluation of D.F." renders the case moot. Report & Recommendation at 11–12. The magistrate judge declined to determine whether D.F. is entitled to a compensatory education award based on the verified statements attached to Fullmore's motion for summary judgment because the issue had not been presented to the hearing officer in the first instance. Id. at 13–15.

3

Fullmore filed timely objections to the Magistrate Judge Robinson's Report and Recommendation, arguing that the judge erred by (1) concluding that the case was rendered moot by Fullmore's purported failure to request compensatory education in her administrative complaint, (2) failing to analyze the "voluntary cessation mootness exception," and (3) disregarding Fullmore's evidence on the issue of compensatory education. Pl.'s Objections to Report & Recommendation at 3–8.

**II.  Standard of Review**

This Court "considers *de novo* those portions of [a magistrate judge's report and] recommendation to which objections have been made and 'may accept, reject, or modify the recommended decision[.]'" D.D. ex rel. Davis v. Dist. of Columbia, 470 F. Supp. 2d 1, 1 (D.D.C. 2007) (quoting Fed. R. Civ. P. 72(b)). With respect to its review of the underlying administrative decision, this Court "may not substitute its own views for those of the Hearing Officer," R.D. v. Dist. of Columbia, 374 F. Supp. 2d 84, 89 (D.D.C. 2005), but accords the officer "less deference . . . than is the case in typical administrative proceedings." S.S. v. Howard Road Acad., 585 F. Supp. 2d 56, 64 (2008) (citing Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988)). Pursuant to the IDEA's explicit mandates, this Court examines "the records of the administrative proceedings," as well as "additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C). Based on the preponderance of this evidence, the Court then "grant[s] such relief as the Court determines is appropriate." Id.

**III.  Analysis**

    A.    Mootness

A federal court must refrain from deciding a case that has been rendered moot—that is, where "events have so transpired that the decision will neither presently affect the parties' rights

4

nor have a more-than-speculative chance of affecting them in the future." Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (internal quotation marks and citation omitted). The "underlying concern" of mootness doctrine is that "when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to [the] prevailing party," making "any opinion as to legality of the challenged action . . . advisory." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (internal citations and quotation marks omitted).

The crux of the parties' dispute—and the dispositive issue for the hearing officer—is whether this case became moot when DCPS authorized Fullmore to obtain an independent psychiatric evaluation. Fullmore argues that the case still presents a live controversy, notwithstanding the provision of the psychiatric evaluation, because her request that DCPS provide an appropriate compensatory education plan "remain[s] available." Pl.'s Mot. for Summ. J. at 11. DCPS, by contrast, maintains that because the independent psychiatric evaluation authorized by DCPS has already occurred, "there remain[s] no live controversy for adjudication, and the hearing officer correctly concluded that Plaintiff's complaint was moot." Def.'s Cross Mot. for Summ. J. at 3.

This Circuit's precedent makes clear that compensatory education is a distinct form of relief designed to address a distinct injury: upon finding that a child has been denied a FAPE under the IDEA, a court or hearing officer may award the child "compensatory education" in the form of "educational services . . . to be provided *prospectively* to compensate for a *past* deficient program." Reid v. Dist. of Columbia, 401 F.3d 516, 522 (D.C. Cir. 2005) (internal quotation marks omitted) (emphasis added). DCPS concedes that Fullmore's complaint explicitly seeks relief in the form of compensatory education and that DCPS has provided only one of the

5

original forms of relief sought by Fullmore: the independent psychiatric evaluation. See Def.'s Response to Pl.'s Objections to Report & Recommendations at 1. Most notably, DCPS admits that it has declined to provide compensatory education. The question before this Court, then, is whether the availability of these alternative forms of relief—particularly compensatory education—renders the case justiciable.

This Circuit's decision in Lesesne ex rel. B.F. v. Dist. of Columbia, 447 F. 3d 828 (D.C. Cir. 2006), provides a direct answer to this question. In that case, a parent sued DCPS seeking a new IEP for her son, a determination of appropriate placement, and the development of a compensatory education plan to remedy DCPS's past failure to provide a FAPE. Id. at 833–34. At some point during litigation, the parties "reached an agreement . . . on the record that purported to resolve" the case. Id. at 831 (internal quotation marks omitted). For the simple reason that this agreement failed to "address[ the plaintiff's] demand for compensatory education," the Circuit held that the plaintiff's complaint "presented the District Court with a live controversy." Id. at 833. Similarly, this Court in Flores ex rel. J.F. v. Dist. of Columbia, 437 F. Supp. 2d 22 (D.D.C. 2006), rejected DCPS's mootness arguments because "DCPS [had] not yet developed a compensatory education plan." Id. at 31. As in Flores and Lesesne, DCPS in this case "has yet to provide at least one form of relief specifically requested by the plaintiff in her complaint—a compensatory education plan." Id. Further, as in those cases, nothing indicates that DCPS addressed Fullmore's demand for compensatory education by providing an independent psychiatric evaluation. Indeed, DCPS makes no such argument. As the court stated in Flores, the mere "possibility that the Court may award [compensatory education] is sufficient to defeat [DCPS's] mootness challenge." Id. That possibility exists here.

DCPS makes no attempt to distinguish Lesesne and distinguishes Flores only on the ground that "in Flores a denial of a FAPE had already been found." Def.'s Cross Mot. for Summ J. at 13. But a FAPE denial is not a prerequisite to Lesesne's mootness holding—indeed, neither the hearing officer nor the district court in Lesesne found such a denial. Bound by clear circuit precedent, the Court concludes that this case presents a live controversy because relief in the form of compensatory education remains available. The Court therefore has no need to decide whether any "exceptions to mootness" apply here, see Pl.'s Mot. for Summ. J. at 12–13, and proceeds to the merits of Fullmore's compensatory education arguments.

B. Entitlement to Compensatory Education

In remedying a violation of the IDEA, a court may "grant such relief as [it] determines is appropriate." 20 U.S.C. 1415(i)(2)(C). "Federal courts have interpreted 'appropriate relief' to include compensatory education as an equitable remedy to be granted upon finding that a child has been denied FAPE under the Act." Diatta v. Dist. of Columbia, 319 F. Supp. 2d 57, 64 (D.D.C. 2004); accord Reid, 401 F.3d at 522. In other words, as the parties agree, finding a denial of a FAPE is a prerequisite to awarding compensatory education.

Conceding that the hearing officer did not decide whether DCPS denied D.F. a FAPE, and thus whether compensatory education is appropriate, Fullmore argues that this Court should nonetheless rule on these issues based on "the evidence presented," which includes two Verified Statements never put before the hearing officer. Pl.'s Objections to Report & Recommendations at 8. In these statements, Fullmore and her attorney assert that, following D.F.'s independent psychiatric evaluation: DCPS changed D.F.'s disability classification; Fullmore obtained medication for D.F.; and, once on medication, D.F.'s behavior and school performance improved. See V.S. of Unique Fullmore ¶¶ 15–16; V.S. of Nicholas Ostrem ¶ 15. According to

7

Fullmore, this evidence provides this Court sufficient basis to conclude that DCPS denied D.F. a FAPE and to order DCPS to provide compensatory education. See Pl.'s Mot. for Summ. J. at 10.

Readily acknowledging that "both a hearing officer and the District Court have the authority to grant compensatory education if a denial of a FAPE occurs," Def.'s Mot. for Summ. J. at 14 (emphasis omitted), DCPS contends that "as the case was presented to the hearing officer on December 20, 2012, there was no basis for finding a denial of a FAPE; therefore, compensatory education could not be granted," id. at 15. Further admitting that "the IDEA permits a reviewing court to 'hear additional evidence,'" Def.'s Reply at 6 (quoting 20 U.S.C. § 1415(i)(2)(B)), DCPS urges this Court to "'maintain [its] character of review'" and reject Fullmore's additional evidence, which was never presented to the hearing officer in the first instance. Id. at 6–8. In her Report & Recommendation, Magistrate Judge Robinson similarly concluded that granting Fullmore's request to consider her additional evidence would inappropriately "elevate [this] civil action 'to the level of a *de novo* trial.'" Report & Recommendation at 14.

While DCPS and the magistrate judge correctly observe that this Court must take care to preserve its "character of review," D.C. v. Masucci, 13-1008, 2014 WL 329621, at *1 (D.D.C. Jan. 30, 2014), the idea that this Court must automatically reject additional evidence that has never been reviewed first by a hearing officer runs counter to the plain text of the IDEA, which states that a district court "shall receive the records of the administrative proceedings . . . [and] shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C). Further, as this Circuit has repeatedly held, "a court has broad discretion to accept or reject proffered additional evidence." Masucci, 2014 WL 329621, at *1; see also Reid, 401 F.3d at 521–22; Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1989). The reasons for considering such

8

supplemental evidence "'might include gaps in the administrative transcript owing to . . . an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.'" Masucci, 2014 WL 329621, at *1 (quoting Town of Burlington v. Dep't of Educ. for Commonwealth of Mass., 736 F.2d 773, 790 (1st Cir. 1984), aff'd sub nom., Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass., 471 U.S. 359 (1985)). On its own, then, the lack of administrative consideration of Fullmore's additional evidence poses no barrier to its review by this Court. See id. (holding the same).

The Court nevertheless finds that Fullmore's evidence fails to support a conclusion that DCPS denied D.F. a FAPE. Having spent the bulk of her briefing discussing mootness, Fullmore expends little effort describing how exactly DCPS denied D.F. a FAPE and how her new evidence substantiates this denial. Her sole explanation seems to be that "DCPS denied D.F. FAPE when it refused to perform or authorize a psychiatric evaluation" because, as a result of the evaluation, "Fullmore [had] obtained medication for D.F. that improved his 'behavior and performance at school.'" Pl.'s Mot. for Summ. J. at 9–10. But Fullmore's only evidence substantiating D.F.'s alleged behavioral and academic improvements is her own Verified Statement, which provides only a conclusory opinion that "D.F.'s behavior and performance at school improved after he started taking medication" and that "[i]t appeared to me that this improvement was largely due to the medication." V.S. of Unique Fullmore ¶ 16; see id. at 9 (citing only Verified Statement); Pl.'s Statement of Undisputed Material Facts ¶ 19 (same). As DCPS points out, Fullmore's declaration fails both to "set out facts that would be admissible in evidence" and to demonstrate that she "is competent to testify on the matters stated." Fed. R.

9

Civ. P. 56(c)(4). The Court therefore declines to find, based solely on Fullmore's own declaration, that DCPS denied D.F. a FAPE or that compensatory education relief is warranted.

Faced with a record that insufficiently equips this Court to decide D.F.'s entitlement to compensatory education, this Court has two choices: (1) remand this case to the hearing officer to consider the issue or (2) order the parties to meet and confer. Having previously adopted both approaches, see, e.g., Suggs v. Dist. of Columbia, 679 F. Supp. 2d 43, 53 (D.D.C. 2010) (remanding to hearing officer); Order, Flores v. Dist. of Columbia, No. 05-653 (D.D.C. June 30, 2006) (ordering parties to meet and confer), the Court here takes the latter route and orders the parties to meet and discuss whether DCPS denied D.F. a FAPE by failing to provide an independent psychiatric evaluation per Fullmore's original August 7, 2012 request and, if so, whether to grant compensatory education "to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." Reid, 401 F.3d at 524.

**IV.     Conclusion**

Because the Court may ultimately decide to grant Fullmore's request for compensatory education, as set forth in her complaint, this case is not moot. However, the Court finds insufficient basis in the record to conclude that DCPS denied D.F. a FAPE when it declined to provide D.F. an independent psychiatric evaluation until months after Fullmore's original request. Accordingly, as set forth in the accompanying order, the Court denies the parties' cross motions for summary judgment.

CHRISTOPHER R. COOPER  
United States District Judge

Date:   May 9, 2014