UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNIQUE FULLMORE**,<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**,<br><br>Defendant. | Case No. 13-cv-00409 (CRC) |

## MEMORANDUM OPINION

Plaintiff Unique Fullmore alleges that the District of Columbia Public Schools ("DCPS") denied her son D.F. a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act ("IDEA") by failing to timely provide him a psychiatric evaluation after she requested one on August 7, 2012, and that the delay entitles her son to a compensatory education award. In May 2014, the Court held that DCPS's authorization of an independent psychiatric evaluation on October 23, 2012 did not render the case moot—as DCPS had argued—because the delay between Fullmore's request for and the authorization of the evaluation could have constituted a denial of a FAPE entitling D.F. to compensatory education. See Mem. Op., ECF No. 24. The Court thus remanded the case to a Hearing Officer to determine (1) "whether DCPS denied D.F. a FAPE when it failed to provide an independent psychiatric evaluation until months after Plaintiff's original August 7, 2012 request," and (2) "if so, whether to grant D.F. compensatory education to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." Order, ECF No. 27 (citing Reid v. Dist. of Columbia, 401 F.3d 516, 524 (D.C. Cir. 2005)).

I.  **Background**

The Court assumes familiarity with the facts underlying this dispute as laid out in the Memorandum Opinion of May 9, 2014.  See Mem. Op., ECF No. 24.  Following the Court's remand in August 2014, the Hearing Officer determined that DCPS did not deny D.F. a FAPE because Fullmore did not meet the predicate requirement for obtaining an independent evaluation of disagreeing with an evaluation previously provided by DCPS, and because, even if Fullmore had been entitled to an independent psychiatric evaluation of her son, the delay before DCPS authorized the independent evaluation was not unnecessarily long.  See Hr'g Officer Determination, Oct. 17, 2014, Admin. R. 15–17, ECF No. 34-1.  Both parties now move for summary judgment.

II. **Standard of Review**

In the district court, "a party challenging [an] administrative determination must . . . take on the burden of persuading the court that the hearing officer was wrong."[1]  Reid ex rel. Reid v. Dist. of Columbia, 401 F.3d 516, 521 (D.C. Cir. 2005) (quoting Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988)) (internal quotation mark omitted).  "The Court may not substitute its own views for those of the Hearing Officer," Kareem ex rel. R.D. v. Dist. of Columbia, 374 F.

---

[1] Fullmore contends that the District should bear the burden of persuasion for reasons presented in a motion she made below to sanction the District for "its failure to provide access to records" showing that D.F.'s "performance in school greatly improved" beginning in January 2013.  Admin. R. 255; see also Pl.'s Mot. Summ. J. 17.  But Fullmore offers no legal authority for the proposition that such a failure should result in a burden shift.  See Admin. R. 259–60 (contending, without providing support, only that "[a] minimal remedy would shift the burden of proof to DCPS, but that remedy would be incomplete, because it would empower the holder of the records to reveal only those records helpful to its case" and "[t]hat was not the intent of Congress when it guaranteed parents access to records," id. at 259).  Because Fullmore has provided no authority for this position, and the Court can find none, it will apply the burden of proof standard articulated in Reid.

Supp. 2d 84, 89 (D.D.C. 2005), but accords the officer "less deference . . . than is the case in typical administrative proceedings," Shank ex rel. S.S. v. Howard Road Acad., 585 F. Supp. 2d 56, 64 (D.D.C. 2008) (citing Kerkam, 862 F.2d at 887). The IDEA requires courts to examine "the records of the administrative proceedings" as well as "additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C)(i)–(ii). Based on a preponderance of the evidence, the Court then "grant[s] such relief as the Court determines is appropriate." Id. § 1415(i)(2)(C)(iii).

### III.    Analysis

On remand, the Hearing Officer determined that DCPS did not deny D.F. a FAPE by failing to provide him an independent psychiatric evaluation until October 23, 2012 following Fullmore's August 7, 2012 request.[2] See Hr'g Officer Determination 15–17. The Officer gave two reasons for his decision—first, that a parent has a right to an independent educational evaluation at public expense only if she disagrees with an evaluation already obtained by the public agency, and here, "there had been no prior DCPS evaluation with which [Fullmore] disagreed," id. at 16 (citing 34 C.F.R. § 300.502(b)); and second, that Fullmore did not actually request an independent psychiatric evaluation until October 10, 2012, and the 13-day period before the District provided authorization for the evaluation on October 23 did not constitute "unnecessary delay," id. (quoting 34 C.F.R. § 300.502(b)(2)).

In her motion for summary judgment and opposition to the District's cross-motion for summary judgment, Fullmore contends that the failure to provide an independent psychiatric evaluation sooner harmed D.F. by delaying the diagnosis and medication prescriptions he ultimately obtained through an independent evaluation in December 2012—and which he needed

---

[2] The Hearing Officer used August 9, 2012 as the date of Fullmore's request because telephone line problems prevented the District from receiving the faxed letter until that date.

to improve his performance at school—and that to remedy this harm, the District should award DF compensatory education.[3] See Pl.'s Mot. Summ. J. 10–11, 13, 15; Pl.'s Opp'n Def.'s Cross-Mot. Summ. J. & Reply Supp. Mot. Summ. J. ("Pl.'s Opp'n & Reply") 2–3, 6–7. The District counters that the IDEA does not impose a certain timeframe for performing such evaluations, but rather requires only that they be conducted within a "reasonable period of time" and "without undue delay." Def.'s Cross-Mot. Summ. J. & Opp'n Pl.'s Mot. Summ. J. ("Def.'s Cross-Mot.") 15, 17 (quoting Smith v. Dist. of Columbia, No. 08-2216, 2010 WL 4861757, at *3 (D.D.C. Nov. 30, 2010)). Moreover, the District urges, any unreasonable delay would constitute—at most—a procedural violation, which can support an IDEA claim only where it "affected the student's substantive rights." Id. at 15 (quoting Lesesne ex rel. B.F. v. Dist. of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006)) (emphasis omitted) (internal quotation mark omitted). And according to the District, D.F.'s substantive rights were not affected. It reasons that the IEP following the December 2012 independent evaluation prescribed the same specialized instruction and behavioral supports as did D.F.'s previous IEPs—which predated Fullmore's August 2012 request for reevaluation—and that the record shows that D.F.'s behavior did not improve following the evaluation: He was suspended in February and March 2013 for a total of six days,

---

[3] Fullmore also contends that DCPS should have conducted a psychiatric evaluation itself as part of the broader reevaluation it performed in the fall of 2012 at her request, and that DCPS "should not [get] credit . . . for failing to perform a necessary assessment for 2.5 months, then putting the burden of the assessment on the parent, only after she filed the complaint." Pl.'s Opp'n & Reply 3. But regardless of whether DCPS should have conducted the evaluation itself or whether its authorization of the independent evaluation was unnecessarily delayed, Fullmore would still have to demonstrate that those failures led to a deficit in D.F.'s education, see Lesesne ex rel. B.F. v. Dist. of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006); Reid, 401 F.3d at 523, and as will be discussed below, Fullmore has not demonstrated that the delay between her request for a psychiatric evaluation and the performance of the evaluation on balance harmed D.F.

and he was arrested in April 2013. <u>Id.</u> (citing Admin. R. 394, 414–15). Finally, the District echoes the Hearing Officer's finding that Fullmore was not entitled to an independent evaluation and that D.F. received the independent evaluation within a reasonable period of time. <u>Id.</u> at 16–17.

Whether or not the Hearing Officer is correct that Fullmore was not entitled to an independent evaluation or that the delay was insufficient to support denial of a FAPE, the Court finds again that Fullmore's evidence fails to support a conclusion that DCPS denied D.F. a FAPE. Just as prior to the remand, Fullmore's sole explanation continues to be that DCPS denied D.F. a FAPE by failing to perform (or, presumably, to authorize) a psychiatric evaluation sooner, which would have allowed D.F. to begin taking the medication he was eventually prescribed sooner, leading to improved behavior and sustained ability to access the curriculum. <u>See</u> Pl.'s Mot. Summ. J. 14–15. But the evidence she offers does not support this contention. While she points to progress reports from the spring of 2013 and the fall of 2014 showing some improvement in grades and some ability to participate in sessions devoted to behavior improvement, <u>see</u> Pl.'s Mot. Summ. J. 14 (citing Admin. R. 120, 122, 127, 155–59), her own testimony contradicts the notion that D.F.'s concentration and behavior improved overall due to the psychiatric evaluation and new medication. During the remand hearing, Fullmore testified that she observed improvement in her son's focus and behavior following the evaluation. <u>See</u> Admin. R. 389–92. But she also testified that D.F. was suspended twice—in February and March 2013—and arrested in April 2013, and that following the arrest, D.F.'s diagnosis and medication were changed. <u>See</u> Admin. R. 398, 415. In other words, the medication prescribed as a result of the psychiatric evaluation would not account for any progress beyond April 2013, such as that she claims to have observed during the fall of 2014. In addition, Fullmore recalled

testifying at the first administrative hearing, following her initial complaint, that D.F. "had made no academic progress . . . during the 2012-2013 school year" and "had [not] made any social or emotional progress, behavioral progress" either.[4]  Admin. R. 398.

Because the Court cannot conclude from the record before it that the psychiatric evaluation led to any improvement in D.F.'s behavior or sustained access to the curriculum, Fullmore has not demonstrated that the delay between her request for and DCPS's authorization of the independent psychiatric evaluation constituted a denial of a FAPE.  Accordingly, Fullmore has failed to demonstrate that D.F. is entitled to compensatory education.  See Reid, 401 F.3d at 523 (defining compensatory education as involving "discretionary, prospective, injunctive relief crafted by a court to remedy . . . an educational deficit created by an educational agency's failure over a given period of time to provide a FAPE to a student" (quoting R.G. ex rel. G. v. Fort Bragg Dependent Sch., 343 F.3d 295, 309 (4th Cir. 2003))).  The Court will therefore deny Fullmore's motion for summary judgment and grant the District's motion for summary judgment.  See Lesesne, 447 F.3d at 832 (affirming a grant of summary judgment to DCPS where the plaintiff "failed to show that" her minor child "had been harmed by any procedural violations DCPS might have committed"); id. at 834 (finding no denial of a FAPE where the

---

[4] Fullmore also offers the testimony of Dr. Ida Jean Holman, a self-described expert in development of compensatory education plans.  Though the Hearing Officer did not qualify Dr. Holman as an expert, he allowed her to testify.  She averred that the medication must have improved D.F.'s behavior because his scores in school improved during the school year *following* the year he was on the medication.  Admin. R. 444.  But that academic year, 2013-2014, began long after D.F. stopped taking the medication he was prescribed as a result of the evaluation.  And Dr. Holman based her testimony only on D.F.'s school records and statements from his teachers rather than on any direct observations she made of him following the psychiatric evaluation.  The Court therefore finds this testimony of minimal persuasive weight or relevance.

plaintiff failed to demonstrate that her son's education was affected by any alleged delay in providing services guaranteed by the IDEA).

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment will be denied and Defendant's motion for summary judgment will be granted. An order accompanies this memorandum opinion.

                                                                              CHRISTOPHER R. COOPER
                                                                              United States District Judge

Date:   March 29, 2016